UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES PHILIP DOUGLAS,<br><br>    Plaintiff,<br><br>v.<br><br>PAT McCARTHY, *et al.*,<br><br>    Defendants. | Case No. C09-5631 RJB/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>November 27, 2009 |

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

The Court has considered plaintiff's application to proceed *in forma pauperis* and the proposed complaint (Dkt. # 1). This court recommends that plaintiff's motion be denied because the plaintiff, James Philip Douglas is abusing the *in forma pauperis* statute by repeatedly raising claims regarding current pending state criminal prosecutions in federal court.

REPORT AND RECOMMENDATION- 1

The plaintiff has filed three other actions in the last six months all challenging currently pending charges that have been filed against him in Pierce County Superior Court. Those cases are Douglas v. Pierce County, 09-CV-5214BHS/KLS, (Challenging his first criminal prosecution and the actions of prosecutors and defense counsel, R&R to dismiss the action as frivolous pending); Douglas v. Masko, 09-CV-5439RJB/KLS, (Habeas petition challenging ongoing criminal prosecutions, Order to Show Cause because the case appears unexhausted is pending): Douglas v. Chushcoff, *et al*., 09-CV-5490BHS/JRC (Writ of Mandamus filed asking the court to order his release, R&R to dismiss for lack of subject matter jurisdiction pending).

This action attempts to challenge the same ongoing criminal prosecutions in Pierce County Superior Court. Specifically plaintiff asks the court to dismiss the outstanding charges with prejudice and asks that his parental rights be restored (Dkt. # 1, proposed complaint page 4).

Plaintiff has proceeded at public expense in each of the above listed actions.

## DISCUSSION

A district court has wide discretion in deciding whether to grant an inmate the privilege of proceeding *in forma pauperis* and the court may consider prior filings. O'Loughlin v. John Doe, 920 F2d. 614 (9th Cir. 1990). Here, plaintiff has filed three other actions challenging ongoing criminal prosecution from Pierce County. This court sees no reason to allow plaintiff to again proceed at public expense on this same claim

In addition, the claim in the instant action in improper. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45- 46 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 516 U.S. 806 (1995) (abstention is appropriate if ongoing state judicial proceedings

REPORT AND RECOMMENDATION- 2

implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances should a petitioner be entitled to have the federal court intervene until after the case has been concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972). See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54. In that circumstance, the complaining party would have a right to file for a writ of habeas corpus – not a Civil Rights §1983 claim.

Plaintiff's application to proceed in a Civil Rights Action *in forma pauperis* should be DENIED. Plaintiff should be given thirty days to pay the full filing fee or have this action DISMISSED. All pending motions should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION- 3

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 27, 2009**, as noted in the caption.

Dated this 4th day of November, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4